FILED
MARCH 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HUDSON SURGICAL DESIGN, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZIMMER HOLDINGS, INC., ZIMMER, )<br>INC., RUSH SYSTEM FOR HEALTH )<br>and RUSH-PRESBYTERIAN ST )<br>LUKES MEDICAL CENTER, INC., )<br>)<br>Defendants. )<br>) | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>**08 C 1566**<br><br>**JUDGE KENDALL**<br>**MAGISTRATE JUDGE NOLAN** |

## COMPLAINT

Plaintiff, Hudson Surgical Design, Inc. ("Hudson") complains of defendants Zimmer Holdings, Inc., ("Zimmer Holdings"), Zimmer, Inc. ("Zimmer"), Rush System for Health ("Rush") and Rush-Presbyterian St Lukes Medical Center, Inc. ("Rush-Presbyterian") as follows:

## THE PARTIES

1. Hudson is a New Jersey corporation having its sole place of business at 112 5th Avenue South, Suite 4, La Crosse, Wisconsin 54601.

2. Zimmer Holdings is a Delaware corporation having a place of business at 345 Main Street, Warsaw, Indiana 46580.

3. Zimmer is a Delaware corporation having a place of business at 345 Main Street, Warsaw, Indiana 46580. On information and belief, Zimmer is a wholly owned subsidiary of Zimmer Holdings.

4. Rush is an Illinois corporation having a place of business at 1653 West Congress Parkway, Chicago, Illinois 60612.

5. Rush-Presbyterian is an Illinois corporation having a place of business at 1653 Congress Parkway, Chicago, Illinois 60612.

## JURISDICTION AND VENUE

6. This is a complaint for patent infringement under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a). Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(c).

## PATENT INFRINGEMENT

7. Hudson owns full right, title and interest in, has the sole and exclusive right to enforce and has standing to sue and recover damages for, infringement of U.S. Patent No. 7,344,541 ("the '541 patent"), entitled "Methods and Apparatus for Femoral and Tibial Resection."

8. Hudson also owns full right, title and interest in, has the sole and exclusive right to enforce and has standing to sue and recover damages for, infringement of U.S. Patent No. 5,643,272 ("the '272 patent"), entitled "Method and Apparatus for Tibial Resection."

9. The '541 patent was issued by the United States Patent and Trademark Office on March 18, 2008.

10. The '272 patent was issued by the United States Patent and Trademark Office on July 1, 1997.

11. Zimmer Holdings has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '541 patent by making, offering for sale,

selling and providing instrumentation and implants for use in total knee replacement surgical techniques including, without limitation, the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" technique, and by training and otherwise aiding and abetting others to make, to use, to offer for sale, to sell and to provide such instrumentation and implants. Zimmer Holdings has committed these acts of infringement throughout the United States, including in this judicial district.

12.    Zimmer Holdings also has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '272 patent by making, offering for sale, selling and providing instrumentation for use in total knee replacement surgical techniques including, without limitation, the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" technique, and by training and otherwise aiding and abetting others to make, to use, to offer for sale, to sell and to provide such instrumentation. Zimmer Holdings has committed these acts of infringement throughout the United States, including in this judicial district.

13.    Zimmer has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '541 patent by making, offering for sale, selling and providing instrumentation and implants for use in total knee replacement surgical techniques including, without limitation, the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" technique, and by training and otherwise aiding and abetting others to use  and to provide such instrumentation and implants. Zimmer has committed these acts of infringement throughout the United States, including in this judicial district.

14.    Zimmer has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '272 patent by making, offering for sale, selling

and providing instrumentation for use in minimally invasive total knee replacement surgical techniques including, without limitation, the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" technique, and by training and otherwise aiding and abetting others to use and to provide such instrumentation. Zimmer has committed these acts of infringement throughout the United States, including in this judicial district.

15. Rush has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '541 patent by using, promoting and providing instrumentation and implants for use in total knee replacement surgical techniques, and by otherwise aiding and abetting the use of such instrumentation and implants including, without limitation, the above described instrumentation and implants made, offered for sale, sold and provided by Zimmer and/or Zimmer Holdings.

16. Rush has also directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '272 patent by using, promoting and providing instrumentation for use in total knee replacement surgical techniques, and by otherwise aiding and abetting the use of such instrumentation including, without limitation, the above described instrumentation made, offered for sale, sold and provided by Zimmer and/or Zimmer Holdings.

17. Rush-Presbyterian has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '541 patent by using, promoting and providing instrumentation and implants for use in total knee replacement surgical techniques, and by otherwise aiding and abetting the use of such instrumentation and implants including, without limitation, the above described instrumentation and implants made, offered for sale, sold and provided by Zimmer and/or Zimmer Holdings.

18. Rush-Presbyterian has also directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '272 patent by using, promoting and providing instrumentation for use in total knee replacement surgical techniques, and by otherwise aiding and abetting the use of such instrumentation including, without limitation, the above described instrumentation made, offered for sale, sold and provided by Zimmer and/or Zimmer Holdings.

19. These unlawful acts of infringement of the '541 patent and/or the '272 patent will continue unless enjoined by this Court.

20. Hudson has complied with the marking and notice requirements of 35 U.S.C. § 287.

21. Infringement of the '541 patent and the '272 patent by each of the above identified defendants has been willful, intentional and deliberate.

22. Hudson has been injured by the infringing acts of each of the above identified defendants and is entitled to recover damages adequate to compensate it for the infringement that has occurred.

## REQUESTED RELIEF

WHEREFORE, Hudson requests that a judgment be entered as follows:

A. An injunction prohibiting Zimmer Holdings , and all those acting in concert or participation with Zimmer Holdings, from further acts of infringement of the '541 patent and the '272 patent;

B. An injunction prohibiting Zimmer, and all those acting in concert or participation with Zimmer, from further acts of infringement of the '541 patent and the '272 patent;

  C. An injunction prohibiting Rush, and all those acting in concert or participation with Rush, from further acts of infringement of the '541 patent and the '272 patent;

  D. An injunction prohibiting Rush-Presbyterian, and all those acting in concert or participation with Rush-Presbyterian, from further acts of infringement of the '541 patent and the '272 patent;

  E. An award to Hudson of such damages as it can prove at trial against any and/or all of Zimmer Holdings, Zimmer, Rush and Rush-Presbyterian sufficient to fully and adequately compensate Hudson for the acts of infringement that have occurred, said damages to be no less than a reasonable royalty with respect to each entity found to infringe any asserted claim of any asserted patent;

  F. An award to Hudson for any damages so determined that are found for willful infringement, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

  G. An award to Hudson of costs and its reasonable attorneys' fees; and

  H. Such other relief as this Court and the jury may determine to be proper and just.

## JURY DEMAND

A trial by jury is hereby demanded on all issues triable to a jury in this case.

*s/David J. Sheikh*
Christopher J. Lee
David J. Sheikh
Richard B. Megley, Jr.
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

**Attorneys for Plaintiff, Hudson Surgical Design, Inc.**
