IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| HUDSON SURGICAL DESIGN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 C 1566 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | Magistrate Judge Nan R. Nolan |
| ZIMMER HOLDINGS, INC., ZIMMER, | ) | |
| INC., RUSH SYSTEM FOR HEALTH, and | ) | |
| RUSH UNIVERSITY MEDICAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

**RUSH SYSTEM FOR HEALTH'S AND RUSH UNIVERSITY
MEDICAL CENTER'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Rush System for Health ("Rush Health") and Rush University Medical Center ("Rush Medical"), by and through their attorneys, answer the First Amended Complaint of Plaintiff Hudson Surgical Design, Inc. ("Hudson"), as follows:

**The Parties**

1. Hudson is a New Jersey corporation having its sole place of business at 112 5th Avenue South, Suite 4, La Crosse, Wisconsin 54601.

**Response**: Rush Health and Rush Medical are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

2. Zimmer Holdings is a Delaware corporation having a place of business at 345 Main Street, Warsaw, Indiana 46580.

**Response**: Rush Health and Rush Medical are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

3. Zimmer is a Delaware corporation having a place of business at 345 Main Street, Warsaw, Indiana 46580. On information and belief, Zimmer is a wholly owned subsidiary of Zimmer Holdings.

**Response**: Rush Health and Rush Medical are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

    4.    Rush Health is an Illinois corporation having a place of business at 1653 West Congress Parkway, Chicago, Illinois 60612.

**Response**: Admit except to state that Rush Health is a not-for-profit corporation.

    5.    Rush Medical is an Illinois corporation having a place of business at 1653 Congress Parkway, Chicago, Illinois 60612.

**Response**: Admit, except to state that Rush Medical is a not-for-profit corporation having a place of business at 1653 West Congress Parkway, Chicago, Illinois 60612.

### Jurisdiction and Venue

    6.    This is a complaint for patent infringement under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a). Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(c).

**Response**: The first sentence contains Plaintiff's characterization of its action to which no answer is required, but insofar as an answer may be deemed necessary to the averments of this paragraph, admit.

### Patent Infringement

    7.    Hudson owns full right, title and interest in, has the sole and exclusive right to enforce and has standing to sue and recover damages for, infringement of U.S. Patent No. 7,344,541 ("the '541 patent"), entitled "Methods and Apparatus for Femoral and Tibial Resection."

**Response**: Rush Health and Rush Medical are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

    8.    Hudson also owns full right, title and interest in, has the sole and exclusive right to enforce and has standing to sue and recover damages for, infringement of U.S. Patent No. 5,643,272 ("the '272 patent"), entitled "Method and Apparatus for Tibial Resection."

**Response**: Rush Health and Rush Medical are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

> 9. The '541 patent was issued by the United States Patent and Trademark Office on March 18, 2008.

**Response**: Admit that the '541 patent on its face has an issuance date of March 18, 2008.

> 10. The '272 patent was issued by the United States Patent and Trademark Office on July 1, 1997.

**Response**: Admit that the '272 patent on its face has an issuance date of July 1, 1997.

> 11. Zimmer Holdings has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '541 patent by making, offering for sale, selling and providing instrumentation and implants for use in total knee replacement surgical techniques including, without limitation, the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" technique, and by training and otherwise aiding and abetting others to make, to use, to offer for sale, to sell and to provide such instrumentation and implants. Zimmer Holdings has committed these acts of infringement throughout the United States, including in this judicial district.

**Response**: This paragraph refers to Zimmer Holdings as opposed to Rush Medical or Rush Health, and, therefore, no answer is necessary. Insofar as an answer is deemed necessary, Rush Health and Rush Medical are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

> 12. Zimmer Holdings also has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '272 patent by making, offering for sale, selling and providing instrumentation for use in total knee replacement surgical techniques including, without limitation, the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" technique, and by training and otherwise aiding and abetting others to make, to use, to offer for sale, to sell and to provide such instrumentation. Zimmer Holdings has committed these acts of infringement throughout the United States, including in this judicial district.

**Response**:  This paragraph refers to Zimmer Holdings as opposed to Rush Medical or Rush Health, and, therefore, no answer is necessary.  Insofar as an answer is deemed necessary, Rush Health and Rush Medical are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

>   13. Zimmer has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '541 patent by making, offering for sale, selling and providing instrumentation and implants for use in total knee replacement surgical techniques including, without limitation, the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" technique, and by training and otherwise aiding and abetting others to use and to provide such instrumentation and implants. Zimmer has committed these acts of infringement throughout the United States, including in this judicial district.

**Response**:  This paragraph refers to Zimmer as opposed to Rush Medical or Rush Health, and, therefore, no answer is necessary.  Insofar as an answer is deemed necessary, Rush Health and Rush Medical are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

>   14. Zimmer has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '272 patent by making, offering for sale, selling and providing instrumentation for use in minimally invasive total knee replacement surgical techniques including, without limitation, the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" technique, and by training and otherwise aiding and abetting others to use and to provide such instrumentation. Zimmer has committed these acts of infringement throughout the United States, including in this judicial district.

**Response**:  This paragraph refers to Zimmer as opposed to Rush Medical or Rush Health, and, therefore, no answer is necessary.  Insofar as an answer is deemed necessary, Rush Health and Rush Medical are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

15. Rush Health has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '541 patent by using, promoting and providing instrumentation and implants for use in total knee replacement surgical techniques, and by otherwise aiding and abetting the use of such instrumentation and implants including, without limitation, the above described instrumentation and implants made, offered for sale, sold and provided by Zimmer and/or Zimmer Holdings.

**Response**:  Deny.

16. Rush Health has also directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '272 patent by using, promoting and providing instrumentation for use in total knee replacement surgical techniques, and by otherwise aiding and abetting the use of such instrumentation including, without limitation, the above described instrumentation made, offered for sale, sold and provided by Zimmer and/or Zimmer Holdings.

**Response**:  Deny.

17. Rush Medical has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '541 patent by using, promoting and providing instrumentation and implants for use in total knee replacement surgical techniques, and by otherwise aiding and abetting the use of such instrumentation and implants including, without limitation, the above described instrumentation and implants made, offered for sale, sold and provided by Zimmer and/or Zimmer Holdings.

**Response**:  Deny.

18. Rush Medical has also directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '272 patent by using, promoting and providing instrumentation for use in total knee replacement surgical techniques, and by otherwise aiding and abetting the use of such instrumentation including, without limitation, the above described instrumentation made, offered for sale, sold and provided by Zimmer and/or Zimmer Holdings.

**Response**:  Deny.

19. These unlawful acts of infringement of the '541 patent and/or the '272 patent will continue unless enjoined by this Court.

**Response**:  This paragraph contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, deny.

  20. Hudson has complied with the marking and notice requirements of 35 U.S.C. § 287.

**Response**:  Rush Health and Rush Medical are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

  21. Infringement of the '541 patent and the '272 patent by each of the above identified defendants has been willful, intentional and deliberate.

**Response**: Deny.

  22. Hudson has been injured by the infringing acts of each of the above identified defendants and is entitled to recover damages adequate to compensate it for the infringement that has occurred.

**Response**: Deny.

## Affirmative Defenses

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. The claims of the '541 patent and the '272 patent are invalid for failing to meet the requirements of 35 U.S.C. §§ 102 and 103.

Rush Medical and Rush Health reserve the right to assert additional affirmative defenses.

**WHEREFORE**, Rush Medical and Rush Health pray that Plaintiff takes nothing by reason of its First Amended Complaint, and respectfully request that this Court:

  A. Dismiss with prejudice Hudson's First Amended Complaint;

  B. Find invalid the claims of the '541 patent and '272 patent;

    C.    Find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Rush Medical and Rush Health their costs, disbursements, and reasonable attorneys' fees and expenses incurred in this action; and

    D.    Award such other and further relief as it deems just and proper.

Dated: May 9, 2008                                      Respectfully Submitted,

                                                          By:  /s/ Robert B. Breisblatt
                                                                One of the Attorneys for the Rush Health and Rush Medical

Robert B. Breisblatt
Sheldon T. Zenner
Thomas J. Maas
Katten Muchin Rosenman LLP
525 W. Monroe Street
Suite 1900
Chicago, IL 60661-3693
312-902-5200

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HUDSON SURGICAL DESIGN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 C 1566 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| ZIMMER HOLDINGS, INC., ZIMMER, | ) | Magistrate Judge Nan R. Nolan |
| INC., RUSH SYSTEM FOR HEALTH and | ) | |
| RUSH UNIVERSITY MEDICAL | ) | |
| CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING

TO: David J. Sheikh            Christina L. Brown
    Christopher J. Lee         Michael H. Baniak
    Richard B. Megley, Jr.     Gary E. Hood
    Niro, Scavone, Haller & Niro, Ltd.   McDonnell Boehnen Hulbert & Berghoff LLP
    181 W. Madison Street, Suite 4600    300 S. Wacker Drive, Suite 3100
    Chicago, Illinois 60602              Chicago, Illinois 60606

PLEASE TAKE NOTICE that on May 9, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Chicago, Illinois, Rush System for Health's and Rush University Medical Center's Answer to First Amended Complaint, a copy of which is attached hereto and hereby served upon you.

Respectfully submitted,

RUSH SYSTEM FOR HEALTH AND
RUSH UNIVERSITY MEDICAL CENTER

By: /Robert B. Breisblatt

Robert B. Breisblatt
Sheldon T. Zenner
Thomas J. Maas
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
312-902-5200
50479590