IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUDSON SURGICAL DESIGN, INC., <br><br>     Plaintiff, <br><br> v. <br><br> ZIMMER HOLDINGS, INC., ZIMMER, INC., RUSH SYSTEM FOR HEALTH and RUSH UNIVERSITY MEDICAL CENTER, <br><br>     Defendants. | No. 08 C 1566 <br><br> The Honorable Virginia M. Kendall <br><br> Mag. Judge Nan R. Nolan <br><br> Jury Trial Demanded |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF
<u>ZIMMER HOLDINGS, INC. AND ZIMMER, INC.</u>**

Defendants Zimmer Holdings, Inc. and Zimmer, Inc. (collectively, "Zimmer") answer the First Amended Complaint of plaintiff Hudson Surgical Design, Inc. ("Hudson"), as follows:

### THE PARTIES

1. Hudson is a New Jersey corporation having its sole place of business at 112 5th Avenue South, Suite 4, La Crosse, Wisconsin 54601.

ANSWER: Zimmer lacks sufficient information to respond from actual knowledge, and while Zimmer believes the same to be true, leaves Hudson to strict proof of the allegations of paragraph 1.

2. Zimmer Holdings is a Delaware corporation having a place of business at 345 Main Street, Warsaw, Indiana 46580.

ANSWER: Admitted.

3. Zimmer is a Delaware corporation having a place of business at 345 Main Street, Warsaw, Indiana 46580. On information and belief, Zimmer is a wholly owned subsidiary of Zimmer Holdings.

ANSWER: Admitted.

4. Rush Health is an Illinois corporation having a place of business at 1653 West Congress Parkway, Chicago, Illinois 60612.

ANSWER: This averment is not directed to Zimmer and no response is required; otherwise, Zimmer is without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore denied.

5. Rush Medical is an Illinois corporation having a place of business at 1653 Congress Parkway, Chicago, Illinois 60612.

ANSWER: This averment is not directed to Zimmer and no response is required; otherwise, Zimmer is without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore denied.

## JURISDICTION AND VENUE

6. This is a complaint for patent infringement under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a). Venue in this district is proper under 28 U.S.C. § 1400(b) and 1391(c).

ANSWER: Zimmer admits that Hudson purports to bring an action for patent infringement, but denies that there is any infringement. Zimmer admits that this action purports to arise under the Patent Act, 35 U.S.C. §§ 101, *et seq.*

## PATENT INFRINGEMENT

7. Hudson owns full right, title and interest in, has the sole and exclusive right to enforce and has standing to sue and recover damages for, infringement of U.S. Patent No. 7,344,541 ("the '541 patent"), entitled "Methods and Apparatus for Femoral and Tibial Resection."

ANSWER:  Zimmer is without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore denied.

8.  Hudson also owns full right, title and interest in, has the sole and exclusive right to enforce and has standing to sue and recover damages for, infringement of U.S. Patent No. 5,643,272 ("the '272 patent"), entitled "Method and Apparatus for Tibial Resection."

ANSWER:  Zimmer is without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore denied.

9.  The '541 patent was issued by the United States Patent and Trademark Office on March 18, 2008.

ANSWER:  Admitted that the '541 patent bears, on its face, an issue date of March 18, 2008 but denied, on information and belief, that it was duly issued.

10.  The '272 patent was issued by the United States Patent and Trademark Office on July 1, 1997.

ANSWER:  Admitted that the '272 patent bears, on its face, an issue date of July 1, 1997 but denied, on information and belief, that it was duly issued.

11.  Zimmer Holdings has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '541 patent by making, offering for sale, selling and providing instrumentation and implants for use in total knee replacement surgical techniques including, without limitation, the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" technique, and by training and otherwise aiding and abetting others to make, to use, to offer for sale, to sell and to provide such instrumentation and implants. Zimmer Holdings has committed these acts of infringement throughout the United States, including in this judicial district.

ANSWER:  Denied.

12.  Zimmer Holdings also has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '272 patent by making, offering for sale, selling and providing instrumentation for use in total knee replacement surgical techniques including, without limitation, the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" technique, and by training and otherwise aiding and abetting others to make, to use, to offer for sale, to sell and to provide such instrumentation. Zimmer

Holdings has committed these acts of infringement throughout the United States, including in this judicial district.

ANSWER:  Denied.

13.  Zimmer has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '541 patent by making, offering for sale, selling and providing instrumentation and implants for use in total knee replacement surgical techniques including, without limitation, the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" technique, and by training and otherwise aiding and abetting others to use and to provide such instrumentation and implants. Zimmer has committed these acts of infringement throughout the United States, including in this judicial district.

ANSWER:  Denied.

14.  Zimmer has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '272 patent by making, offering for sale, selling and providing instrumentation for use in minimally invasive total knee replacement surgical techniques including, without limitation, the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" technique, and by training and otherwise aiding and abetting others to use and to provide such instrumentation.  Zimmer has committed these acts of infringement throughout the United States, including in this judicial district.

ANSWER:  Denied.

15.  Rush Health has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '541 patent by using, promoting and providing instrumentation and implants for use in total knee replacement surgical techniques, and by otherwise aiding and abetting the use of such instrumentation and implants including, without limitation, the above described instrumentation and implants made, offered for sale, sold and provided by Zimmer and/or Zimmer Holdings.

ANSWER:  This averment is not directed to Zimmer and no response is required;

nevertheless, Zimmer denies the truth of this averment on information and belief.

16.  Rush Health has also directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '272 patent by using, promoting and providing instrumentation for use in total knee replacement surgical techniques, and by otherwise aiding and abetting the use of such instrumentation including, without limitation, the above described instrumentation made, offered for sale, sold and provided by Zimmer and/or Zimmer Holdings.

ANSWER:  This averment is not directed to Zimmer and no response is required; nevertheless, Zimmer denies the truth of this averment on information and belief.

17.  Rush Medical has directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '541 patent by using, promoting and providing instrumentation and implants for use in total knee replacement surgical techniques, and by otherwise aiding and abetting the use of such instrumentation and implants including, without limitation, the above described instrumentation and implants made, offered for sale, sold and provided by Zimmer and/or Zimmer Holdings.

ANSWER:  This averment is not directed to Zimmer and no response is required; nevertheless, Zimmer denies the truth of this averment on information and belief.

18.  Rush Medical has also directly infringed, contributorily infringed and actively induced infringement of one or more claims of the '272 patent by using, promoting and providing instrumentation for use in total knee replacement surgical techniques, and by otherwise aiding and abetting the use of such instrumentation including, without limitation, the above described instrumentation made, offered for sale, sold and provided by Zimmer and/or Zimmer Holdings.

ANSWER:  This averment is not directed to Zimmer and no response is required; nevertheless, Zimmer denies the truth of this averment on information and belief.

19.  These unlawful acts of infringement of the '541 patent and/or the '272 patent will continue unless enjoined by this Court.

ANSWER:  Denied.

20.  Hudson has complied with the marking and notice requirements of 35 U.S.C. § 287.

ANSWER: Zimmer is without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore denied.

21.  Infringement of the '541 patent and the '272 patent by each of the above identified defendants has been willful, intentional and deliberate.

ANSWER:  Denied.

22. Hudson has been injured by the infringing acts of each of the above identified defendants and is entitled to recover damages adequate to compensate it for the infringement that has occurred.

ANSWER:  Denied.

### AFFIRMATIVE DEFENSES

### First Defense:
### Non-Infringement

Zimmer does not literally or under the doctrine of equivalents infringe, and has not infringed, willfully or otherwise, any claim of the patents-in-suit, either directly, indirectly, contributorily, or by inducement.

### Second Defense:
### Invalidity

The patents-in-suit are invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, sections 102, 103, 112 and/or 116.

### Third Defense (Reserved):
### Inequitable Conduct

Zimmer reserves the defense that Hudson's claims for relief are barred in whole or in part by inequitable conduct in the procurement of one or both of the patents-in-suit.

### COUNTERCLAIMS

Counterclaimants Zimmer Holdings, Inc. and Zimmer, Inc. (collectively "Zimmer"), for its and their counterclaims against Hudson, allege as follows:

### PARTIES

1. Counterclaim-plaintiffs are each corporations organized under the laws of the State of Delaware with a place of business in Warsaw, Indiana.

2. On information and belief, Counterclaim-defendant Hudson Surgical Design, Inc. ("Hudson") is a New Jersey corporation with a place of business in La Crosse, Wisconsin.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331, 1338(a), and 2201.

4. This Court has personal jurisdiction over Counterclaim-defendant Hudson because, among other things, Hudson has commenced the underlying patent infringement action in this Court and has thus availed itself of this Court to sue Zimmer.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 1391(c).

### COUNTERCLAIM 1:
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,643,272

6. Neither Zimmer, Inc. nor Zimmer Holdings, Inc. has directly infringed, contributorily infringed, nor actively induced infringement of any valid and enforceable claim of U.S. Patent No. 5,643,272, nor have either otherwise committed any acts of infringement of any rights of Hudson.

7. Additionally, the claims of U.S. Patent No. 5,643,272 are invalid as anticipated under 35 U.S.C. §102 and/or obvious under 35 U.S.C. §103.

### COUNTERCLAIM 2:
### NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,344,541

8. Neither Zimmer, Inc. nor Zimmer Holdings, Inc. has directly infringed, contributorily infringed, nor actively induced infringement of any valid and enforceable claim of U.S. Patent No. 7,344,541, nor have either otherwise committed any acts of infringement of any rights of Hudson.

9. Additionally, the claims of U.S. Patent No. 7,344,541 are invalid as anticipated under 35 U.S.C. §102 and/or obvious under 35 U.S.C. §103.

### **PRAYER FOR RELIEF**

WHEREFORE, Zimmer respectfully requests judgment as follows:

A. That Hudson's actions be found contrary to the U.S. laws, that this be declared an exceptional case under 35 U.S.C. § 285, and that Zimmer be awarded its costs and reasonable attorneys' fees;

B. That Hudson be found estopped from asserting its patents against Zimmer and otherwise blocked in seeking an injunction against Zimmer;

C. That a declaratory judgment be entered that Zimmer has not and does not infringe any of the patents in suit, that the patents in suit are invalid as to asserted claims thereof and that the patents in suit are unenforceable;

D. That Zimmer be found not liable for the alleged infringement of the Hudson Patents, by reason of the patents being invalid, unenforceable or not infringed;

E. That Hudson take nothing and otherwise be denied all relief, and Zimmer be awarded such other and further relief as this Court deems appropriate.

                                                        Respectfully submitted.

May 9, 2008                                s/Christina L. Brown
                                                    Christina L. Brown
                                                       *brownc@mbhb.com*
                                                    Michael H. Baniak
                                                      *baniak@mbhb.com*
                                                   Gary E. Hood
                                                     *hood@mbhb.com*
                                                   McDonnell Boehnen Hulbert & Berghoff LLP
                                                   300 South Wacker Drive, Suite 3100
                                                   Chicago, Illinois 60606
                                                   (312) 913-0001 Telephone
                                                   (312) 913-0002 Facsimile

                                                   *Counsel for Zimmer, Inc.*
                                                   *and Zimmer Holdings, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 9, 2008, a copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF ZIMMER HOLDINGS, INC. AND ZIMMER, INC. was served by electronic means via the Court's electronic filing system on the following attorneys of record:

>Christopher J. Lee
>    clee@nshn.com
>David J. Sheikh
>    sheikh@nshn.com
>Richard B. Megley, Jr.
>    megleyjr@nshn.com
>NIRO, SCAVONE, HALLER & NIRO
>181 W. Madison Street, Suite 4600
>Chicago, Illinois  60602
>(312) 236-0733  Telephone
>(312) 236-3137  Facsimile
>
>Robert B. Breisblatt
>    *robert.breisblatt@kattenlaw.com*
>Thomas J. Maas
>    *thomas.maas@kattenlaw.com*
>KATTEN MUCHIN ROSENMAN LLP
>525 West Monroe Street
>Chicago, Illinois  60661
>(312) 902-5200  Telephone
>(312) 902-1061  Facsimile

>s/Christina L. Brown
>Christina L. Brown (brownc@mbhb.com)
>MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
>300 S. Wacker Drive, Suite 3100
>Chicago, Illinois  60606-6709
>(312) 913-0001  Telephone
>(312) 913-0002  Facsimile