IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HUDSON SURGICAL DESIGN, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZIMMER HOLDINGS, INC., ZIMMER, )<br>INC., RUSH SYSTEM FOR HEALTH )<br>and RUSH UNIVERSITY MEDICAL )<br>CENTER, )<br>)<br>Defendants. )<br>) | Civil Action No. 08 C 1566<br><br>Judge Virginia M. Kendall<br>Magistrate Judge Nan R. Nolan |

**JOINT INITIAL STATUS REPORT**

The plaintiff, Hudson Surgical Design, Inc. ("Hudson Surgical") and the defendants, Zimmer Holdings, Inc., Zimmer, Inc., (collectively, "Zimmer"), Rush System for Health and Rush University Medical Center (collectively, "Rush")[1] submit this Joint Initial Status Report.

**1. The Attorneys Of Record For Each Party Including The Attorneys Expected To Try The Case**

   **A.   Hudson Surgical**

   David J. Sheikh              Niro, Scavone, Haller & Niro
   Christopher J. Lee           181 W. Madison Street, Suite 4600
   Richard B. Megley, Jr.       Chicago, Illinois 60602
                                Phone: (312) 236-0733

   **B.   Zimmer**

   Michael H. Baniak            McDonnell Boehnen Hulbert & Berghoff LLP
   Christina L. Brown           300 South Wacker Drive, Suite 3100
   Gary E. Hood                 Chicago, Illinois 60606-6709
                                Phone: (312) 913-0001

---

[1] Hudson Surgical's original complaint named Rush-Presbyterian Medical Center, Inc. as a defendant. Rush-Presbyterian Medical Center has changed its name to Rush University Medical Center. Accordingly, on April 15, 2008, Hudson Surgical filed a first amended complaint reflecting this name change.

### C.     Rush

| | |
|---|---|
| Robert B. Breisblatt | Katten Muchin Rosenman LLP |
| Sheldon T. Zenner | 525 W. Monroe Street |
| Thomas J. Maas | Chicago, IL 60661-3693 |
| | (312) 902-5200 |

### 2.     Basis For Federal Jurisdiction

This suit is for patent infringement and arises under the patent laws of the United States. The Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

### 3.     The Nature Of The Claims Asserted In The Complaint And Any Expected Counterclaim

#### A.     Hudson Surgical

Hudson Surgical alleges that Zimmer and Rush have infringed United States Patent No. 5,543,272, entitled "Method and Apparatus for Tibial Resection" ("the '272 patent") and United States Patent No. 7,344,541, entitled "Methods and Apparatus for Femoral and Tibial Resection" ("the '541 patent"). Generally speaking, the patents relate to techniques and associated instruments for total knee replacement ("TKA" for short).

##### 1.     Allegations Of Infringement Against Zimmer

Hudson Surgical alleges that Zimmer has infringed the '272 patent and the '541 patent by making, using, offering for sale, selling and providing instruments for use in TKA techniques that are covered by one or more claims of the patents, including the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" techniques, and by training and otherwise aiding and abetting others to make, to use, to offer for sale, to sell and to provide the instruments and to use and to provide the techniques.

##### 2.     Allegations of Infringement Against Rush

Hudson Surgical alleges that Rush has infringed the '272 patent and the '541 patent by using and providing instruments for use in TKA techniques that are covered by one or more claims of the patents, including the "NexGen Complete Knee Solution MIS Quad-Sparing Instrumentation" techniques, and by training and otherwise aiding and abetting others to use and to provide the instruments and the techniques.

#### B.     Zimmer

Zimmer alleges that it does not infringe the '272 or '541 patent and also that the patents are

invalid under 35 U.S.C. §102 and/or 103.

    **C.    Rush**

No counterclaim at this time; however, Rush has interposed affirmative defenses of non-infringement and invalidity.

**4.    The Name Of Any Party Not Yet Served And The Circumstances Regarding Non-Service**

All the named defendants have been served.

**5.    The Principal Legal Issues**

    **A.    Hudson Surgical**

From Hudson Surgical's perspective, the principal legal issues are: the proper construction of the asserted claims of the '272 patent and the '541 patent and, in the event infringement is established, the nature and scope of injunctive relief to prevent further infringement.

    **B.    Zimmer**

At present, Zimmer sees the legal issues as claim construction; the standard legal issues associated with invalidity; and whether injunctive relief would be appropriate under any circumstance. Zimmer also reserves the issue of inequitable conduct for discovery.

    **C.    Rush**

Non-infringement and invalidity of the '272 and '541 patents.

**6.    The Principal Factual Issues**

Without any party conceding the existence of a genuine issue of fact that would preclude summary judgment, the likely factual issues are believed to be:

    **A.    Hudson Surgical**

From Hudson Surgical's perspective, the principal factual issues are: whether the asserted claims, as properly construed, cover the accused instruments and techniques; whether Zimmer and Rush have engaged in acts of infringement; and, in the event infringement is established, the measure of damages adequate to compensate Hudson Surgical for the infringement.

    **B.    Zimmer**

Non-infringement, invalidity, and damages if any.

    **C.    Rush**

Non-infringement and damages, if any.

**7.     Whether A Jury Trial Is Expected By Any Party**

Hudson Surgical has requested a trial by jury.

**8.     A Short Description Of Any Discovery
Undertaken To Date And Any Anticipated In The Future**

The parties have not undertaken any discovery to date. The parties anticipate serving requests for the production of documents and things, interrogatories, requests for admissions and notices of deposition, and third party subpoenas for documents and things and deposition testimony regarding contested issues in the suit. It is further expected that there will be expert discovery. The attached table provides proposed pretrial deadlines.

**9.     The Earliest Date The Parties Will Be Ready For Trial And The Length Of The Trial**

    **A.     Hudson Surgical**

Hudson Surgical believes this suit will be ready for trial by May 2009. Hudson Surgical estimates that it will require two days for its case-in-chief and one day for rebuttal.

    **B.     Zimmer**

Zimmer estimates trial may take approximately 7 days. Barring significant delay in discovery, claim construction, or dispositive motions/rulings, Zimmer concurs that a trial date in about a year should be feasible.

    **C.     Rush**

Rush agrees with Zimmer.

**10.    Whether The Parties Unanimously Consent To Proceed Before The Magistrate Judge**

The parties do not unanimously consent to proceed before the Magistrate Judge.

**11.    The Status Of Any Settlement Discussions
And Whether The Parties Request A Settlement Conference**

Hudson Surgical and Zimmer have previously engaged in discussions regarding the patents in suit. Rush has had no previous discussions with Hudson. Rush has sought an indemnification from Zimmer. Consistent with the Court's Standing Order on Settlement Conferences, the parties are willing to discuss settlement, and are willing to participate in a settlement conference.

Respectfully submitted,

| | |
|---|---|
| */s/ David J. Sheikh* <br> Christopher J. Lee <br> David J. Sheikh <br> Richard B. Megley, Jr. <br> NIRO, SCAVONE, HALLER & NIRO <br> 181 West Madison Street, Suite 4600 <br> Chicago, Illinois  60602 <br> (312) 236-0733 <br><br> **Attorneys for Plaintiff Hudson Surgical Design, Inc.** | */s/ Christina L. Brown* <br> Christina L. Brown <br> Michael H. Baniak <br> Gary E. Hood <br> MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP <br> 300 South Wacker Drive <br> Chicago, Illinois 60606 <br> (312) 913-0001 <br> **Attorneys for Defendants Zimmer Holdings, Inc. and Zimmer, Inc.** <br><br> */s/ Robert B. Breisblatt* <br> Robert B. Breisblatt <br> Sheldon T. Zenner <br> Thomas J. Maas <br> KATTEN MUCHIN ROSENMANN LLP <br> 525 W. Monroe Street <br> Chicago, IL 60661 <br> (312) 902-5200 <br><br> **Attorneys for Defendants Rush System For Health and Rush University Medical Center** |

# EXHIBIT A – PROPOSED PRETRIAL DEADLINES

| Description | Proposed Deadline |
|---|---|
| Rule 26(a)(1) Disclosures | June 9, 2008 |
| Parties Exchange Preliminary Claim Chart and Their Proposed Constructions | October 3, 2008 |
| Deadline for the Parties to Meet and Confer Regarding Claim Construction | October 17, 2008 |
| Parties Submit Joint Claim Construction Chart to the Court | October 24, 2008 |
| Hudson Surgical Files Opening Claim Construction Brief With Joint Appendix | November 14, 2008 |
| Defendants File Their Opening Claim Construction Briefs | December 5, 2008 |
| Parties Make Available for Deposition Anyone Who Submitted a Substantive Declaration Regarding Claim Construction | December 8, 2008 – January 20, 2009 |
| Hudson Surgical Files Reply Brief on Claim Construction | December 19, 2008 |
| Parties File Final Joint Claim Construction Chart | December 30, 2008 |
| Parties File Joint Pre-hearing Statement | January 13, 2009 |
| Claim Construction Hearing | January 27, 2009 |
| Completion of Fact Discovery | February 27, 2009 |
| Deadline for Serving Expert Reports on Which a Party Has the Burden of Proof | 30 Days After the Court Issues its Rulings on Claim Construction |
| Deadline for Serving Rebuttal Expert Reports | 30 Days After the Exchange of Expert Reports on Which a Party Has the Burden of Proof |
| Deadline for Completing Expert Discovery | 30 Days After the Exchange of Rebuttal Expert Reports |

| | |
|---|---|
| Deadline for Filing Dispositive Motions | 30 Days After the Completion of Expert Discovery |
| Deadline for Filing the Pretrial Order | 30 Days Before the Trial Date |