IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| HUDSON SURGICAL DESIGN, INC. | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08 C 1566 |
| v. | ) ) | Judge Virginia M. Kendall |
| | ) | Magistrate Judge Nan R. Nolan |
| ZIMMER HOLDINGS, INC., ZIMMER, INC., RUSH SYSTEM FOR HEALTH and RUSH UNIVERSITY MEDICAL CENTER, | ) ) ) ) ) | |
| Defendants. | ) | |

### <u>AGREED MOTION FOR ENTRY OF A STIPULATED PROTECTIVE ORDER</u>

The parties have **_agreed_** to the proposed Stipulated Protective Order which is

attached at Exhibit 1.  Accordingly, the parties request that the Court adopt and enter

this order to govern in this case.

Respectfully submitted,                    Respectfully submitted,

<u>/s/David J. Sheikh</u>                      <u>/s/Robert B. Breisblatt</u>
Christopher J. Lee                         Robert B. Breisblatt
David J. Sheikh                            Sheldon T. Zenner
Richard B. Megley, Jr.                     Thomas J. Maas
Laura A. Kenneally                         Brian Sodikoff
NIRO, SCAVONE, HALLER & NIRO               KATTEN MUCHIN ROSENMAN LLP
181 West Madison Street, Suite 4600        525 W. Monroe Street
Chicago, Illinois  60602                   Chicago, IL 60661
(312) 236-0733                             (312) 902-5200

**Attorneys for Plaintiff,**                   **Attorneys for Rush System for Health**
**Hudson Surgical Design, Inc.**               **and Rush University Medical Center**

_/s/Christina L. Brown_
Christina L. Brown
Michael H. Baniak
Gary E. Hood
MCDONNELL BOEHNEN HULBERT &
BERGHOFF LLP
300 South Wacker Drive, Suite 3100
Chicago, IL 60606
(312) 913-0001
Fax: (312) 913-0002

**_Attorneys for Zimmer, Inc. and_
_Zimmer Holdings, Inc._**

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| HUDSON SURGICAL DESIGN, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 C 1566 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | Magistrate Judge Nan R. Nolan |
| ZIMMER HOLDINGS, INC., ZIMMER, INC., RUSH SYSTEM FOR HEALTH and RUSH UNIVERSITY MEDICAL CENTER, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED]**

**STIPULATED PROTECTIVE ORDER**

This patent infringement action is likely to involve discovery of documents and testimony containing trade secrets and other confidential research, development and commercial information of the parties to this action and third parties who may be subpoenaed to provide deposition testimony and documents, including confidential and commercially sensitive information relating to business strategies, manufacturing and distribution capabilities, sales, costs, pricing, profitability, customers, suppliers, and other business and financial data, which, if disclosed other than as specified herein, will pose a significant risk of injury to the legitimate business interests of the disclosing parties in such information, and good cause exists for the entry of this Order.

Pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure and pursuant to the stipulation and agreement of the parties,

IT IS HEREBY ORDERED, that if, in the course of this proceeding, any party or non-party has the occasion to disclose information deemed in good faith to constitute

confidential proprietary information of the type contemplated by Fed. R. Civ. P. 26(c), the following procedures shall be employed and the following restrictions shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Action, or provided by or obtained from non-parties in this Action.

### SCOPE

1.    This Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2.    As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

### DESIGNATION

3.    Any  Producing  Party  may  designate  Discovery  Material  as "CONFIDENTIAL"  or  "HIGHLY  CONFIDENTIAL"  in  accordance  with  this  Protective

Order.  The burden of establishing that Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL as defined herein shall be on the Producing Party.  The designation of any Discovery Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4.    Discovery Material falling into one or more of the following categories may be designated as CONFIDENTIAL: (i) proprietary research, development and/or technical information that is not publicly available and that is not expressly contained in public information; (ii) unpublished patent applications and patent prosecution documents that are not available upon request from the U.S. Patent and Trademark Office or any other patent office; and (iii) sensitive financial, business or commercial information that is not publicly available and that is not expressly contained in public information.

5.    Discovery Material that is CONFIDENTIAL may be designated as HIGHLY CONFIDENTIAL when it is (i) trade secrets (including source code and other technical documents); (ii) information that has been maintained by the producing party as confidential and discloses, or is sufficient to discern, the producing party's sales volume, sales units, prices, price structures, discounts, costs, profits, margins, technical documents, marketing strategies, competitive business plans, and the identity of customers; and/or (iii) information, which if disclosed, would likely harm the competitive position of the producing party.

3

6.    The Producing Party may designate documents or other tangible Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by placing the following legend or similar legend on the document or thing: CONFIDENTIAL or HIGHLY CONFIDENTIAL; provided, however, that in the event that original documents are produced for inspection, the Producing Party may place the appropriate legend on the documents in the copying process.

7.    Any party or non-party may designate depositions and other testimony (including exhibits) as CONFIDENTIAL or HIGHLY CONFIDENTIAL by (i) indicating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL or (ii) by written notice to the reporter and all counsel of record, given within two weeks after receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control, as directed.  The following legend shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information:

> Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party, person, or entity whose CONFIDENTIAL information is included.

or

> Contains HIGHLY CONFIDENTIAL information.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party, person, or entity whose HIGHLY CONFIDENTIAL information is included.

8.      Subject to any overriding rules imposed by the Court in this Action, all CONFIDENTIAL and HIGHLY CONFIDENTIAL material, or any excerpt, reproduction or paraphrase thereof, filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (i) the caption of this Action; (ii) the words "CONFIDENTIAL – Restricted Access According to Court Order" or "HIGHLY CONFIDENTIAL – Restricted Access According to Court Order" as an indication of the nature of the content; and (iii) a statement in substantially the following form:

> This envelope, containing documents that are filed in this case by (name of party), is not to be opened or the contents thereof to be displayed or revealed except by Order of Court or consent of the parties.

The Clerk of Court is directed to maintain under seal all material filed in this Action that has been marked or designated, in whole or in part, as CONFIDENTIAL or HIGHLY CONFIDENTIAL and filed in accordance with this Paragraph 8.

9.      Any Producing Party may redact those portions of Discovery Material that are necessary to comply with the requirements of 45 C.F.R. §§ 16.4.514(a) and (b) regarding de-identification of protected health information.  The Producing Party will not be required to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL any Discovery Material that was redacted pursuant to this Paragraph.  The Producing Party shall identify any information redacted under this Paragraph as being redacted pursuant to 45 C.F.R. §§ 164.514.  The determination of which Discovery Material may be withheld or redacted pursuant to this Paragraph lies within the sole discretion of the

Producing Party, and any redacted Discovery Material need only be disclosed as specifically ordered by the Court.

## USE

10.    Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be used only in preparation for, and in the trial of, this Action or any appeal therefrom and cannot be used for any other purpose including, but not limited to, any other litigation, arbitration or claim.   In particular, and without limitation, neither CONFIDENTIAL nor HIGHLY CONFIDENTIAL materials, nor any copies and/or extracts thereof, nor anything derived therefrom, shall be disclosed in any way to any person, attorney, government agency, expert or consultant for use in any other litigation or contemplated litigation, for use in preparing or prosecuting any patent or patent application, or for any other purpose extraneous to this litigation.   Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own CONFIDENTIAL or HIGHLY CONFIDENTIAL material.

11.    All material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected, or obtains the written agreement of the Producing Party to that effect.

12.    Third parties may (i) designate deposition transcripts of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, CONFIDENTIAL or HIGHLY CONFIDENTIAL to the same extent and in the same manner as parties to this Action and any such materials and information shall be treated

by the parties to this Action in the same manner as materials and information so designated by a party, and (ii) intervene in this Action to enforce the provisions of this Protective Order as if they were a party.

### DISCLOSURE

13.　　All material exchanged in this action, whether or not designated pursuant to this Order, shall be used solely for the prosecution or defense of claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, including patent prosecution (*e.g.,* preparing, drafting, reviewing, filing, or responding to office actions, signing oaths or declarations, providing counsel regarding any of the foregoing activities or prosecution of patent applications, or assisting in any of those activities).　　This paragraph shall exclude published and/or publicly available documents.

14.　　Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a)　　any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings);

(b)　　no more than three (3) "in-house" attorneys or representatives;

(c)　　support personnel for attorneys (*not* non-attorney representatives) listed in sub-paragraphs (a) and (b) above, including law clerks, paralegals, secretaries, and clerical staff employed by any attorney identified in sub-paragraphs (a) or (b) and assisting in connection with this Action;

7

(d) any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraphs (a) or (b) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work, subject to Paragraph 16;

(e) any interpreter, videographer, or Court reporter or typist translating, recording or transcribing testimony;

(f) service contractors (such as document copy services), jury consultants and graphic artists assisting in connection with this Action;

(g) any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular CONFIDENTIAL material sought to be disclosed;

(h) personnel of the Court and all appropriate courts of appellate jurisdiction; and

(i) any other person agreed to by the Producing Party in writing, subject to Paragraph 16.

CONFIDENTIAL material or summary thereof shall not be disclosed to persons described in paragraphs 14(d) or (i) unless and until such person has executed the Declaration in the form attached as Exhibit A pursuant to paragraph 16.

15. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a)   any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings);

(b)   support personnel for "outside" attorneys listed in sub-paragraph (a) above, including law clerks, paralegals, secretaries, and clerical staff employed by any attorney identified in sub-paragraph (a) and assisting in connection with this Action;

(c)   any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work, subject to Paragraph 16;

(d)   any interpreter, videographer, or court reporter translating, recording or transcribing testimony;

(e)   service contractors (such as document copy services), jury consultants and graphic artists assisting in connection with this Action;

(f)   any person who authored and/or was an identified original recipient of the particular HIGHLY CONFIDENTIAL material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular HIGHLY CONFIDENTIAL material sought to be disclosed;

(g)   personnel of the Court and all appropriate courts of appellate jurisdiction; and

(h)   any other person agreed to by the Producing Party in writing, subject to paragraph (16).

HIGHLY CONFIDENTIAL material or summary thereof shall not be disclosed to persons described in paragraphs 15(c) or (h) unless and until such person has executed the Declaration in the form attached as Exhibit A pursuant to Paragraph 16.

16.    At least seven (7) days before the disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material of the Producing Party is made to an individual identified above in Paragraphs 14(d) or (i), or Paragraphs 15(c) and (h), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of any deposition or trial testimony the individual may have given during the past three (3) years.  The list should disclose the name and address of each such entity for which the above work was performed, and the subject matter of that work.  If disclosure of either the identity of the entity for which the work has been performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and any such information that is not deemed proprietary shall be disclosed.  Such notice shall be accompanied by an executed Declaration from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto.

The Producing Party shall state any objections to the proposed disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to any individual described in

10

Paragraphs 14(d) or (i) or Paragraph 15(c) and (h) and state the reasons therefor in writing to the Receiving Party within seven (7) days of receipt of the Notice.  Upon the making of any such objection(s), the Producing Party shall have ten (10) days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing a motion, the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

Unless the Producing Party objects to the disclosure and files a motion in accordance with the Notice and timing provisions of this Paragraph 16 the Producing Party waives its right to challenge the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of CONFIDENTIAL or HIGHLY CONFIDENTIAL material under the terms of this Protective Order.  Should the Producing Party timely object and file its expedited motion, CONFIDENTIAL or HIGHLY CONFIDENTIAL material will not be disclosed pending resolution of the motion.

17.    The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

**EXEMPTED MATERIALS**

18.    None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the

restrictions set forth herein on the ground that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL has/had been:

(a)    available to the public at the time of its production hereunder;

(b)    available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c)    obtained by such Receiving Party from a third party having the right to disclose the same.

The Receiving Party shall have the burden of proof to remove the restrictions set forth herein.

19.    Any party may seek to remove the restrictions set forth herein on the ground that information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL does not fall within the respective definition of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" set forth above.  The Producing Party shall have the burden of proof of establishing that Discovery Material challenged under this Paragraph 19 constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material as defined above.

## INADVERTENT PRODUCTION/DESIGNATION

20.    The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine.  In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver.  Upon a request from a party that has inadvertently produced any

document that it believes may be subject to the attorney-client privilege or attorney work-product doctrine, each party receiving said document shall return it and all copies within three (3) business days to the Producing Party.  After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

21.    The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL within seven (7) days from when the failure to designate first became evident to the Producing Party.  The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate.  Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph 21 the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Protective Order.  If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph 21, to the extent possible, the information and/or data will be expunged and not used.

13

22.    In the event of an inadvertent disclosure of any Discovery Material that the Producing Party deems should have been redacted under Paragraph 9, each party in possession of such Discovery Material shall return to the Producing Party the Discovery Material and all copies of it within three (3) business days of any request to do so by the Producing Party.   The Receiving Party shall not retain and must return or, with Producing Party's consent, destroy any record prepared for its own use based on the Discovery Material.   If it becomes evident to a Receiving Party that Discovery Material received from a Producing Party contains the type of information subject to redaction or withholding under Paragraph 9, the Receiving Party shall notify the Producing Party of this fact within three (3) business days and shall not disclose this information to any other entity or individual until explicitly authorized by the Producing Party to do so.

23.    In the event of disclosure of Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person not authorized to such access under this Protective Order, in the event of a request for return of previously-disclosed Discovery Material pursuant to this Paragraph 23, or in the event of disclosure of Discovery Material that was the subject of a request for return pursuant to this Paragraph 23, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.   The party responsible for disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the disclosed

Discovery Material and to ensure that no further or greater disclosure and/or use thereof is made.

## USE IN COURTROOM PROCEEDINGS

24.    In the event that any CONFIDENTIAL or HIGHLY CONFIDENTIAL material is to be used in any hearing or trial, the Producing Party may seek an appropriate protective order from the Court before its introduction.

## OBJECTION TO DESIGNATIONS

25.    A party or interested member of the public can challenge the designation by the Producing Party of any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Jessup v. Luther, 227 F.3d 993 (7th Cir. 2000); *In re Associated Press*, 162 F.3d 503 (7th Cir. 1998).  The process for making such an objection and for resolving the dispute shall be as follows:

(a)    The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

(b)    The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

(c)    Failing agreement, the objecting party may bring a noticed motion to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation.  The Producing Party bears the burden to establish that the

15

Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL and entitled to protection under the Protective Order.

Notwithstanding any such challenge to the designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the party who designated the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

26.    In the event of a motion challenging a particular designation under this Order, this Court will engage in an appropriate balancing of the interests between privacy and public access in order to make a new determination of good cause in light of the facts then before this Court.  Jepson, Inc. v. Makita Elec. Works, Ltd. 30 F.3d 854, 858-59 (7th Cir. 1994).

### RETURN/DESTRUCTION OF MATERIALS

27.    Not later than thirty (30) days after the Termination of this Action (defined below), all CONFIDENTIAL or HIGHLY CONFIDENTIAL material, including all copies and derivative works thereof, shall be returned to the Producing Party or, with advance written consent of the Producing Party, destroyed, except that each parties' outside counsel may maintain one copy of the pleadings, including exhibits thereto, for archival purposes, subject to the terms and continuing effect of this Protective Order.  The party receiving any CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall certify in

writing that all other such material, including CONFIDENTIAL or HIGHLY CONFIDENTIAL material disclosed hereunder, has been returned or destroyed.

## MISCELLANEOUS PROVISIONS

28.     This stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by such party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be discovered at all.

29.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery.

30.     If at any time CONFIDENTIAL or HIGHLY CONFIDENTIAL material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL or HIGHLY CONFIDENTIAL material and shall provide each such party with an opportunity to object to the production of CONFIDENTIAL or HIGHLY CONFIDENTIAL materials.  If the Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not until after the end of the ten (10) day notice period, such material in response thereto.

31.    Counsel for any party to this Protective Order shall have the right to exclude from depositions any person who is not authorized under this Protective Order to receive materials or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL or HIGHLY CONFIDENTIAL material, and only to the extent such individual is not qualified to hear such information.

32.    All notices required by any paragraphs of this Protective Order are to be made by facsimile and U.S. Mail to counsel representing the noticed party.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Producing Party.  All specified time periods are in calendar days unless otherwise specified.

33.    Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of CONFIDENTIAL or HIGHLY CONFIDENTIAL material.

34.    Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any information or documents, or

any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

35.     Each individual who receives CONFIDENTIAL or HIGHLY CONFIDENTIAL material agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

36.     For purposes of this Protective Order, "Termination of this Action" is defined to mean to exhaustion of all appeals from orders and final judgments in this Action or the settlement of this action by the parties.

37.     The parties agree that the terms of this Protective Order shall survive and remain in effect after the Termination of this Action.  The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

38.     Any headings used in this Protective Order are for reference purposes only and are not to be used to construe or limit the meaning of any provision.

39.     This Protective Order may be executed in any number of counterparts, all which, upon completed execution thereof by all parties, collectively shall be deemed to constitute one original.

40.     By signing below, the parties agree as between themselves to be immediately and mutually bound by all of the obligations and restrictions applicable to them as set forth herein, until such time as this particular Order is entered and/or superseded by the Court, or any reviewing court, in its present form.

**SO ORDERED**


Dated_____, 2008                    _____
                                               Hon. Virginia Kendall
                                               United States District Judge



**APPROVED AS TO FORM AND CONTENT:**




*/s/David J. Sheikh*
An Attorney for Plaintiff Hudson Surgical Design, Inc.




*/s/Christina L. Brown____*
An Attorney for Defendants Zimmer Holdings, Inc. and
Zimmer, Inc.




*/s/Robert B. Breisblatt*
An Attorney for Defendants Rush System for Health and
Rush University Medical Center

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| HUDSON SURGICAL DESIGN, INC. | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08 C 1566 |
| v. | ) ) | Judge Virginia M. Kendall |
| | ) | Magistrate Judge Nan R. Nolan |
| ZIMMER HOLDINGS, INC., ZIMMER, INC., RUSH SYSTEM FOR HEALTH and RUSH UNIVERSITY MEDICAL CENTER, | ) ) ) ) ) | |
| Defendants. | | |

## DECLARATION CONCERNING INFORMATION
## COVERED BY THE STIPULATED PROTECTIVE ORDER

I certify that I have read and am fully familiar with the terms of the Stipulated Protective Order entered on _____, 2008 in the above-captioned litigation and agree to be bound by its terms. Specifically, I will not disclose or permit the unauthorized viewing or disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, as set forth in said Stipulated Protective Order, or the information contained therein.

I hereby submit to the jurisdiction of the Court for the purpose of ensuring compliance with this Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


_____

Date


_____

Signature


_____

Printed Name


_____

Address